5 F.3d 548
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alvin MANSKER, Defendant-Appellant.
 No. 93-5022.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' requests for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Alvin Mansker was indicted on a single count of conspiracy to manufacture cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. Secs. 841(a)(1), (b)(1)(A)(iii), and 846. He entered into a plea agreement which the district court accepted at a change of plea hearing. Fed.R.Crim.P. 11. Some four months later, after preparation of the presentence report but before sentencing, defendant filed a motion to withdraw his guilty plea, alleging that he had pleaded guilty solely upon the advice of his attorney and that he had a defense to the indictment. Fed.R.Crim.P. 32(d). After a hearing, the district court denied the motion. Defendant was sentenced to a term of 121 months, followed by five years of supervised release.
 
 
 3
 Defendant raises two issues in this direct criminal appeal: (1) that the district court abused its discretion in refusing to permit him to withdraw his guilty plea; and (2) that the government breached the plea agreement in not recommending a downward departure in sentencing for substantial assistance. 18 U.S.C. Sec. 3553(e); U.S.S.G. Sec. 5K1.1.
 
 
 4
 We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Elias, 937 F.2d 1514, 1520 (10th Cir.1991). Rule 32(d)[1] of the Federal Rules of Criminal Procedure allows a defendant to withdraw a guilty plea "upon a showing by the defendant of any fair and just reason." The burden lies with the defendant to meet this standard. A defendant has no automatic entitlement to withdraw a guilty plea. Barker v. United States, 579 F.2d 1219, 1223 (10th Cir.1978). Among the reasons this court acknowledges as justifying withdrawal of a guilty plea are: "(1) whether the defendant has asserted his innocence; (2) prejudice to the government; (3) delay in filing defendant's motion and, if so, the reason for the delay; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) whether the plea is knowing and voluntary; and (7) waste of judicial resources." United States v. Elias, 937 F.2d at 1520.
 
 
 5
 We agree with the district court that defendant has not established any "fair and just reason" to withdraw his guilty plea. He testified at his Rule 32(d) hearing that he had not wanted to plead guilty but that he had read and understood the plea agreement before signing. He asserted that he had lied to the district court at the Rule 11 hearing, and had falsely stated that he had not been promised probation by his attorney in exchange for his guilty plea. The attorney who represented defendant at the Rule 11 hearing denied that he had promised defendant probation in exchange for a guilty plea; and the district court believed the attorney would not have given such advice knowing the crime carried a statutory minimum ten year term. More important, defendant filed his Rule 32(d) motion approximately four months after his plea had been accepted and after a codefendant, who was to be a key government witness against him, was murdered. Under these circumstances, we agree with the analysis of the district court that defendant offered inadequate support for his Rule 32(d) motion. It was not an abuse of discretion by the district court to deny defendant's motion.
 
 
 6
 We also reject defendant's second allegation of error, that the government breached the terms of the plea agreement. After reviewing the transcript excerpts from defendant's Rule 11 and Rule 32(d) hearings, there is insufficient evidence that defendant provided "substantial assistance" to warrant a finding of a breach of the plea agreement when the government refused to make a U.S.S.G. Sec. 5K1.1 motion. Defendant acknowledged at his Rule 11 hearing that a Sec. 5K1.1 motion was dependant upon a recommendation by the government, but would not be binding upon the district court. The plea agreement defines what the government considered to be cooperation, and the evidence was clear that defendant did not meet this standard.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defense counsel mistakenly argues that Fed.R.Crim.P. 36 governs withdrawal of guilty pleas